Division, First Department. June 28, 1898.) Action by Charlotte A. Horton against Forty-Second Street Railroad Company. In the matter of Charlotte A. Horton. No opinion. Motion to dismiss granted, with $10 costs. See 43 N. Y. Supp. 1156, 49 N. Y. Supp. 1138.

In re HUNT. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) In the matter of proceedings to disbar Dennis W. Hunt, an attorney, etc. No opinion. Report of the referee, with the opinion accompanying the same, confirmed; and it is ordered that the defendant be suspended from the office of attorney and counselor of the supreme court for the period of two years from the entry of this order. It is further ordered that all the proceedings, referee's report, opinion, and exhibits be transmitted to the clerk of Onondaga county and filed, with a copy of this order to be entered in the clerk's office of Onondaga county. See 44 N. Y. Supp. 1120, 52 N. Y. Supp. 1143.

HUNT, Respondent, v. FITCHBURG R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) Action by John I. Hunt, as administrator, against the Fitchburg Railroad Company. No opinion. Judgment and order affirmed, with costs. All concur, except LANDON and HERRICK, JJ., dissenting.

HURLBURT, Respondent, v. VILLAGE OF MACEDON, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) Action by Addie M. Hurlburt against the village of Macedon. No opinion. Judgment and order affirmed, with costs.

HUTKOFF, Respondent, v. HERTER et al., Appellants. (City Court of New York, General Term. August 4, 1898.) Action by Nathan Hutkoff against Peter Herter and others. George M. Levdentritt, for appellants. John F. Coffin, for respondent.

OLCOTT, J. This is an appeal by the plaintiff from a judgment entered herein for the sum of $378.32 upon a verdict of a jury in plaintiff's favor and from an order denying a motion for a new trial, and the only questions raised by the appellants relate to the rejection and exception of certain testimony. We have carefully examined the record, and, while we find certain of the 70 exceptions taken by the appellant to have been justified, we believe that the learned trial justice did not fall into any error which was material, nor improperly admit any evidence of sufficient importance to have affected the verdict of the jury, or to have distracted the minds of its members from the issues of the action. The exceptions are numerous, and we shall not refer to them in detail, inasmuch as we read from the record that the case was fairly presented to the jury upon the relevant and material testimony which was adduced, and after a careful and impartial charge. The verdict does not appear to have been against the weight of evidence nor contrary thereto. The judgment and order appealed from should be affirmed, with costs to the respondent. All concur.

In re IRWIN. (Supreme Court, Appellate Division, First Department. June 28, 1898.) In the matter of Robert Irwin, deceased. No opinion. Motion granted, with $10 costs.

JACKSON v. MAYOR, ETC., OF CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. June 28, 1898.) Action by Meyer Jackson against the mayor, etc., of city of New York. No opinion. Motion granted, with $10 costs.

JOHANNS, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 21, 1898.) Action by William Johanns against the Nassau Electric Railroad Company. No opinion. Motion to resettle order denied.

JOHANNS, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1898.) Action by William Johanns against the Nassau Electric Railroad Company. No opinion. Order denying motion for new trial reversed, and new trial granted, on the ground that the verdict is against the clear weight of evidence, upon the appellant, within 20 days, paying the trial fee and disbursements of the trial, and, in case of such payment being made, the judgment appealed from is vacated. In case of the failure of the appellant to comply with the terms aforesaid, the judgment and order appealed from are unanimously affirmed, with costs.

JOHN HOFFMAN CO., Appellant, v. ROCHESTER CONSOL. MINING & MILLING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. July 26, 1898.) Action by the John Hoffman Company against the Rochester Consolidated Mining & Milling Company.

PER CURIAM. Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. Held: (1) That the provisions contained in the note and those contained in the mortgage being inconsistent, the provisions of the note must prevail. Rothchild v. Railway Co., 84 Hun, 103, 32 N. Y. Supp. 37. (2) The defendant could not exercise the option to extend the time of the payment of the note after suit brought so as to prejudice the right of the plaintiff. All concur, except WARD, J., who dissents.

JOHNSON, Appellant, v. BACH, Respondent. (Supreme Court, Appellate Division, Second Department. June 21, 1898.) Action by Therese Johnson against Magdalena Bach. No opinion. Judgment affirmed, with costs.

JORDAN, Appellant, v. DALEY, Respondent. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) Action by John J. Jordan against John J. Daley. No opinion. Motion for leave to go to the court of appeals. Denied. See 52 N. Y. Supp. 1144.

KEALY, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June